# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED HUBBARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>　　　　　Defendants. | Case No. 1:23-cv-00962-JLT-SAB<br><br>ORDER DENYING STIPULATED MOTION TO MODIFY SCHEDULING ORDER AS PROCEDURALLY DEFICIENT<br><br>(ECF No. 14) |

　　　　In the Court's December 6, 2023 scheduling order issued in this matter, the Court noted that "**[s]tipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested. The parties are advised that due to the impacted nature of civil cases on the district judges in the Eastern District of California, Fresno Division, that stipulations to continue set dates are disfavored and will not be granted absent good cause**." (ECF No. 12 at 7 (emphasis in original).)

　　　　On April 18, 2024, the parties filed a stipulated motion to modify the scheduling order. (ECF No. 14.) The parties fail to proffer an affidavit or declaration establishing good cause for the relief requested. The Court shall therefore deny the stipulated motion to modify the scheduling order without prejudice due to its procedural deficiency.

1

The Court shall also address the substance of the motion to clarify a misunderstanding by the parties. The parties request a ninety-day extension to the nonexpert discovery deadline and every subsequent deadline, except for the pretrial conference currently set for March 10, 2025 and trial currently set for May 6, 2025. The basis for the parties' request is due to the current time period between the dispositive motion deadline on October 9, 2024 and the pretrial conference on March 10, 2025. The parties note they originally requested a January 23, 2025 trial date; "[h]owever, the trial date was set for May 6, 2025." (Id. at 1.)[1] The parties wish to take advantage of the timeframe between the dispositive motion deadline and the pretrial conference for their benefit and proffer that the procedurally deficient "proposed stipulation does not affect the dates for the pretrial conference, nor the trial date…." (Id.) This is incorrect.

The period between the dispositive motion deadline and the pretrial conference is intentionally and specifically set to allow the District Judge, whose schedule is extremely impacted, sufficient time to review and issue a ruling on any dispositive motions filed by the parties prior to the pretrial conference date. The parties' instant procedurally deficient request for a 90-day extension of the dispositive motion deadline to February 10, 2025 while retaining the March 10, 2025 pretrial conference does not afford the District Judge sufficient time to review any dispositive motions filed by the parties in addition to her heavily impacted criminal and civil caseload prior to the pretrial conference.[2] Such a shortened timeframe would cause undue burden on the District Judge.

Should the parties file a procedurally proper stipulation to modify the scheduling order supported by good cause which requests an extension to the dispositive motion deadline to February 10, 2025, the parties are advised the Court must extend the pretrial conference to afford

---

[1] The Court notes the parties' joint scheduling report did request a trial date for January 23, 2025, but also requested the current October 9, 2024 dispositive motion deadline with a pretrial conference for November 7, 2024. (ECF No. 9 at 4.) The Court accommodated the parties' request for an October 9, 2024 dispositive motion deadline, then set the pretrial conference and trial dates to accommodate the Court's schedule.

[2] If the parties filed dispositive motions on the February 10, 2025 deadline, the parties do not allow sufficient time to file oppositions and reply briefs before the pretrial statement is due. See L.R. 281. Indeed, the dispositive motion could not even be heard in the twenty-eight timeframe proposed by the parties: "all motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge….The matter shall be set for hearing on the motion calendar of the Judge or Magistrate Judge to whom the action has been assigned or before whom the motion is to be heard *not less than thirty-five (35) days* after service and filing of the motion." L.R. 230.

the District Judge sufficient time to issue rulings on any dispositive motions filed by the parties.

Accordingly, IT IS HEREBY ORDERED the parties' stipulated motion to modify the scheduling order is procedurally deficient and is therefore DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **April 19, 2024**

UNITED STATES MAGISTRATE JUDGE